GEORGE G. MGDESYAN, ESQ. (STATE BAR NO. 225476)
ARAKSYA BOYADZHYAN, ESQ. (STATE BAR NO. 299917)
MGDESYAN LAW FIRM
4529 SHERMAN OAKS AVENUE
SHERMAN OAKS, CA 91403
TELEPHONE: (818) 386-6777
FACSIMILE:   (818) 754-6778

Attorney for Plaintiff,

SHAHIN SAFAE MANESH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHIN SAFAE MANESH<br><br>            Plaintiff,<br><br>V.<br><br>CITY OF BEVERLY HILLS,<br>BEVERLY HILLS POLICE<br>DEPARTMENT, OFFICER<br>ZACHARY TRAVNITZ, OFFICER<br>KEVIN ARBUCKLE, and DOES 1 to<br>10, inclusive,<br>            Defendants. | Case Number:<br><br>PLAINTIFF'S COMPLAINT<br>FOR DAMAGES:<br>1. 42 U.S.C § 1983- Violation of<br>Plaintiff's Fourth<br>Amendment Right<br>Unreasonable Seizure -<br>Excessive Force (Individual<br>and *Monell* Claim)<br>2. 42 U.S.C § 1983- Violation of<br>Plaintiff's Fourteenth<br>Amendment Right to Due<br>Process-Deliberate<br>Fabrication of Evidence<br>(Individual Claim)<br><br>**[JURY TRIAL DEMAND]** |

1

## PRELIMINARY STATEMENT

This is a civil rights action for damages arising from the unreasonable and excessive force used against Plaintiff SHAHIN SAFAE MANESH on August 15, 2019, in Beverly Hills, California by Defendants which resulted in the violations of Plaintiff's rights guaranteed under the United States Constitution.  Plaintiff SHAHIN SAFAE MANESH hereby asserts and alleges as follows:

## JURISDICTION AND VENUE

1.  This action is brought pursuant to 42 U.S.C. § 1983 & 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.  This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  At all relevant times to the facts underlying the present complaint, Plaintiff SHAHIN SAFAE MANESH (hereinafter "Plaintiff") is and was a resident of Los Angeles, California, at the time of the allegations set forth herein.

3.  Venue is proper in the Central District of California under 28 U.S.C. § 139(a) and (b).

## PARTIES

4.  Plaintiff, SHAHIN SAFAE MANESH brings his claims under 42 U.S.C. § 1983 for deliberate indifference to his constitutionally protected interests. Plaintiff brings his claim under 42 U.S.C §1983 for violations of his Constitutional rights.

5.  Defendant BEVERLY HILLS POLICE DEPARTMNET, (hereinafter "BHPD") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California.

6.  Defendant CITY OF BEVERLY HILLS (hereinafter "CITY") is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California. Defendant CITY has possessed the power and authority to adopt

2

policies and prescribe rules, regulations and practices affecting the operation of the BHPD, and particularly said Department's training, tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, and the use of force.

7. In this case, CITY acted through its agents, employees, and servants, including the policymakers for defendant BHPD, and through defendant OFFICER ZACHARY TRAVNITZ (ID NO. 05118), OFFICER KEVIN ARBUCKLE (ID NO. 06004) (collectively may be referred to through the complaint as "Individual Defendants"). Defendants OFFICER ZACHARY TRAVNITZ and OFFICER KEVIN ARBUCKLE were officers of BHPD at the time of the facts alleged in this Complaint and were employed by BHPD at all times relevant to the Complaint.

8. At all relevant times, Defendants CITY, and BHPD (collectively may be referred to throughout complaint as "Municipal Defendants") and each
of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the BHPD, including those individuals charged with protecting the health and safety of the public, including Plaintiff SHAHIN SAFAE MANESH, and to assure that said actions, policies, rules, regulations, customs, practices and procedures of the BHPD and its employees and agents complied with the laws and constitutions of the United States and the State of California. At all relevant times, the CITY were the employers of each of the individually named defendants.

9. At all relevant times, OFFICER ZACHARY TRAVNITZ was a duly authorized employee and agent of the CITY, subject to oversight and supervision by the CITY'S elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as an officer for the BHPD and with complete authority and ratification of the principal, CITY. In committing the acts alleged herein, OFFICER ZACHARY TRAVNITZ acted within the scope of his

3

respective employment and under color of law. OFFICER ZACHARY TRAVNITZ is sued in both his official and individual capacities.

10.    Defendant OFFICER KEVIN ARBUCKLE was at all times relevant to this complaint an officer with the BHPD. At all relevant times, OFFICER KEVIN ARBUCKLE was a duly authorized employee and agent of the CITY, subject to oversight and supervision by the CITY'S elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as an officer for the BHPD and with complete authority and ratification of the principal, CITY. In committing the acts alleged herein, OFFICER KEVIN ARBUCKLE acted within the scope of his respective employment and under color of law. OFFICER KEVIN ARBUCKLE is sued in both his official and individual capacities.

11.Plaintiff is informed and believes and thereon alleges that Defendants sued herein as DOES 1 through 10, inclusive, were employees of the CITY, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is the agent of the other. Plaintiff alleges that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained. Each individually named Doe defendant, like each individually named defendant, acted under color of law and within the scope of his or her agency and employment with the City. Each Doe is sued in both his/her official and individual capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.    This complaint concerns an excessive force claim by Plaintiff which occurred on or about August 15, 2019 at or near 255 N. Canon Drive in Beverly Hills, California.

4

13.     On the aforementioned date, SHAHIN SAFAE MANESH was operating his vehicle attempting to go to The Montage Hotel located at 255 N. Canon Drive Beverly Hills, CA. As Plaintiff entered the hotel valet entrance he was stopped by Defendants OFFICER ZACHARY TRAVNITZ and OFFICER KEVIN ARBUCKLE. According to OFFICER ZACHARY TRAVNITZ and OFFICER KEVIN ARBUCKLE, Plaintiff was stopped for a traffic violation for not having license plates, and for having tinted windows on his vehicle. OFFICER ZACHARY TRAVNITZ and OFFICER KEVIN ARBUCKLE instructed Plaintiff to sign the traffic ticket. When Plaintiff attempted to sign the traffic ticket, Officer TRAVNITZ screamed, "You can bring your hand over here, that is why you have a hand attached to an arm attached to a shoulder so you can move it!" Plaintiff complied and did as instructed and signed the ticket. When Officer TRAVNITZ was done writing the ticket, he asked Plaintiff if he wanted a copy. Plaintiff stated "No, it is okay". Officer TRAVNITZ then threw the temporary registration for the vehicle at Plaintiff. Realizing that the officers had completed writing the citation Plaintiff SHAHIN SAFAE MANESH exited his vehicle. Unbeknownst to Plaintiff, OFFICER ZACHARY TRAVNITZ was standing between the door frame of Plaintiff's vehicle. As Plaintiff exited the vehicle and attempted to shut the door, OFFICER ZACHARY TRAVNITZ purposefully stood and remained in the door way of the vehicle despite the fact that the traffic stop had concluded. As a result, the door of the vehicle accidentally tapped OFFICER ZACHARY TRAVNITZ. OFFICER ZACHARY TRAVNITZ then grabbed Plaintiff SHAHIN SAFAE MANESH by the neck in a chokehold and threw him against the hood of the patrol vehicle. OFFICER ZACHARY TRAVNITZ and OFFICER KEVIN ARBUCKLE then continued in their use of excessive force against Plaintiff SHAHIN SAFAE MANESH who posed no threat of harm to anyone. OFFICER ZACHARY TRAVNITZ and OFFICER KEVIN ARBUCKLE then threw Plaintiff onto the ground and continued in their use of physical force against Plaintiff. OFFICER ZACHARY TRAVNITZ then stated "now you are going to jail". Other officers

then arrived on scene to whom OFFICER ZACHARY TRAVNITZ began boasting about his use of physical force. OFFICER ZACHARY TRAVNITZ smirked and boasted that he grabbed Plaintiff by the neck in a chokehold and slammed him against the hood of the vehicle. Plaintiff was taken into custody and charges were later filed against Plaintiff SHAHIN SAFAE MANESH for an alleged violation of Penal Code 69 (Resisting an Executive Officer) and alleged violation of Penal Code 243(c)(2) (Battery on a Police Officer) in Case No. 9AR33164 (hereinafter "Underlying Criminal Case").

14.   Not only did Defendants ZACHARY TRAVNITZ and OFFICER KEVIN ARBUCKLE unlawfully use excessive force against Plaintiff, SHAHIN SAFAE MANESH, Defendant ZACHARY TRAVNITZ also engaged in deliberate fabrication of evidence when he drafted his false police report to facilitate the arrest of Plaintiff and thereafter facilitated the District Attorney's decision to charge Plaintiff in Criminal Case No. 9AR33164.

15.   The police report in the Underlying Criminal Case reported by Defendant TRAVNITZ falsifies that Plaintiff did not want to sign the citation, did not appear to be cooperative with officer requests, that MANESH was sizing up officers, that MANESH refused to place his hands behind his back.

16.   Defendant TRAVNITZ claims that "due to MANESH'S strong physical build and his aggressiveness Officer Arbuckle and I decided to take MANESH to the ground for officer safety reasons." Yet, Plaintiff MANESH did not pose any threat of harm to officers and did not use any physical force on officers.

17.   OFFICER ZACHARY TRAVNITZ and OFFICER KEVIN ARBUCKLE could not have reasonably believed Plaintiff MANESH posed a threat to officers or to the public.

18.   Officers, whose names are unknown at this time and are herein sued as DOES 1-10 inclusive, were employed by and acting in the course and scope of their employment with the CITY. Without warning, the officers, sued herein as

DOES 1-10 inclusive and Defendants OFFICER ZACHARY TRAVNITZ and OFFICER KEVIN ARBUCKLE repeatedly and unjustifiably used excessive physical force upon the person of SHAHIN SAFAE MANESH, inflicting injury upon Plaintiff.

19. At no time during the course of these events did SHAHIN SAFAE MANESH pose any reasonable threat of violence to the officers, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful. SHAHIN SAFAE MANESH suffered damages including physical and emotional injuries, as well as incidental damages in being required to post bail and retain counsel in the underlying Criminal Case. The damages sustained by SHAHIN SAFAE MANESH are a direct and proximate result the actions by OFFICER ZACHARY TRAVNITZ, OFFICER KEVIN ARBUCKLE, and DOE Defendants.

20. Both prior to and during the time in which Defendants, and each of them, used excessive force against Plaintiff, Defendants were not faced with any circumstances which would have led a reasonable officer to believe that SHAHIN SAFAE MANESH posed the risk of death, or serious bodily injury to any person.

21. Defendants engaged in actions intended by them to cause injury to Plaintiff. The acts of excessive force used by Defendants against Plaintiff were clearly malicious and at the very least oppressive. These actions by said Defendants and said DOE Defendants were in conscious disregard of the rights and safety of Plaintiff, SHAHIN SAFAE MANESH, and instigated by Individual Defendants given Mr. MANESH's status as a public figure.

///

///

///

///

///

///

## **FIRST CAUSE OF ACTION**
### **VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE**
### **[42 U.S.C. §1983]**
### **(By Plaintiff against all Defendants)**

22. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

23. Plaintiff is informed, believes, and therefore alleges, that on or about August 15, 2019 OFFICER ZACHARY TRAVNITZ and OFFICER KEVIN ARBUCKLE and DOE Defendants, and each of them, used excessive physical force upon SHAHIN SAFAE MANESH as previously described, all of which constituted excessive, unjustifiable, and unreasonable force in violation of and with deliberate indifference to SHAHIN SAFAE MANESH's Fourth Amendment right to be free from unreasonable searches and seizures.

24. The above articulated constitutional violations were proximately caused by the Defendants' CITY, and BHPD'S deliberate indifference to the maintenance, training, and control of the BHPD officers, OFFICER ZACHARY TRAVNITZ, OFFICER KEVIN ARBUCKLE and said DOE Defendants.

25. Additionally, Defendants OFFICER ZACHARY TRAVNITZ and OFFICER KEVIN ARBUCKLE have engaged in a well-known pattern and practice of misconduct in violation of the Constitution and federal law in a number of ways, including: the use of unreasonable force in violation of the Fourth Amendment.

26. The injuries and constitutional violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendants CITY, and BHPD including, but not limited to, inadequately training and supervising and failing to provide a different kind of training to BHPD and its officers, with respect to the reasonable and proper use of force against civilians.

27. Plaintiff is informed and believes, and thereupon alleges, that on

or before August 15, 2019, the CITY, and BHPD hired, trained, supervised, employed and/or managed the individual officers, with conscious disregard of an deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to said Defendants that these officers were dangerous and violent employees, prone to use excessive force without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and conduct assault and battery on persons and/or use unnecessary, unreasonable, and/or unlawful physical force without reasonable justification. Because adequate scrutiny of these individual Defendants' background would have led the CITY, and BHPD to conclude that the plainly obvious consequence of the decision to hire these individuals would be the deprivation of a third party's Fourth Amendment right to be free from unreasonable and excessive force, the CITY and BHPD were deliberately indifferent to Plaintiff's federally protected rights when the individual Defendants named herein were hired, retained, and later inadequately supervised and trained.

28. As set forth in the foregoing paragraphs of this Complaint, the Defendants' use of force against SHAHIN SAFAE MANESH was an unconstitutional display of unreasonable, excessive force, which violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures. Plaintiff is informed and believes, and thereupon alleges the details of this incident have been revealed to the authorized policymakers within the CITY, and BHPD and that such policymakers have direct knowledge of the fact that the force used was unjust and represented an unconstitutional display of unreasonable, excessive force. Notwithstanding this knowledge, the authorized policymakers within the CITY, AND BHPD had approved of the Defendants, and each of them individually, to use excessive force, and have made a deliberate choice to endorse the Defendants, and each of them individually. By so doing, the authorized policymakers within the CITY, and BHPD have shown affirmative agreement with the individual

1    Defendant's actions, and have ratified the unconstitutional acts of the individual
2    Defendant officers.

3         29.    These policies and custom in failing to supervise and train said
4    individual Defendants were the moving force and the reason behind the individual
5    Defendants violation of Plaintiff's constitutional rights.

6         30.    Despite the fact that CITY, and BHPD knew or should have known of
7    the fact that these acts, omissions, decisions, practices, customs and policies, both
8    formal and informal, were being carried out by its agents and employees, CITY,
9    and BHPD have taken no steps or efforts to prevent this course of conduct, nor to
10   make redress to the Plaintiff, and have failed to take any disciplinary action
11   whatsoever against any of its employees or agents.

12        31.    Upon information and belief, Defendants with deliberate indifference
13   to and/or reckless disregard for the safety and constitutional rights of Plaintiff and
14   other citizens, maintained, enforced, tolerated, ratified, permitted, and acquiesced
15   in, and/or applied unconstitutional policies, practices, customs, including, but not
16   limited to:

(a). Authorizing the use of a chokehold.

*(b).* The failure to institute, require, and enforce proper and adequate
       training, supervision, ***policies and procedure concerning applying
       force***.

(c). By allowing, tolerating, and/or encouraging CITY employees to
     make false reports and/or make false statements to justify the
     unreasonable force.  Defendants here made false police statements
     regarding the incident to justify their unreasonable use of force.

(d). To allow, tolerate, and encourage a "code of silence" among law
     enforcement officers and Defendants whereby an officer does not
     provide adverse information against a fellow officer.

(e). The cover up of violations of constitutional rights by any or all of
     the following:

i.  By failing to properly investigate and/or evaluate complaints or incidents related to the claimed customs, policies and procedures identified above.

ii.  By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity by CITY, BHPD employees.

iii.  By providing false reports and/or statements.

32.   The above acts or omission of acts of the Defendants and the individual Defendants were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of the CITY, and BHPD alleged herein and as applied to SHAHIN SAFAE MANESH, resulted in violation of Plaintiff's constitutional rights.

33.   SHAHIN SAFAE MANESH had the right to be free from unreasonable searches and seizures, and the right to be free from the use of unreasonable and excessive force. These rights and privileges are secured to SHAHIN SAFAE MANESH by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused the injuries sustained by Plaintiff.

34.   Each of the individual Defendants, and the municipal Defendants acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiff to punitive and exemplary damages in an amount to be proven at the trial of this matter.

35. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants and each of them, Plaintiff SHAHIN SAFAE MANESH has suffered great mental and physical pain,

and incidental damages in a sum to be determined at trial. Additionally, Plaintiff has been forced to incur substantial amounts for attorney's fees and other expenses in the prosecution of the above-articulated constitutional violations.

36. Plaintiff is entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. §1988.

37. By reason of the aforementioned acts and omissions of acts of Defendants, and each of them, Plaintiff has suffered severe mental anguish, emotional distress, and financial losses as alleged.

## SECOND CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS – DELIBERATE FABRICATION OF EVIDENCE [42 U.S.C. §1983]

## (By Plaintiff against Defendant OFFICER ZACHARY TRAVNITZ and DOES 1 to 10)

38. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

39. The Fourteenth Amendment protects against being subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the defendant. On or about August 15, 2019 Defendant OFFICER ZACHARY TRAVNITZ deprived Plaintiff SHAHEN SAFAE MANESH of his rights under the Fourteenth Amendment to the Constitution when he deliberately fabricated evidence in the police report that was later used to file the criminal charges against Plaintiff in Case No.: 9AR33164.

40. At all times relevant to the Complaint, Defendant OFFICER ZACHARY TRAVNITZ was acting under the color of the law and was employed by the CITY and working as an officer for the BHPD.

41. During all times mentioned herein, the individual Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of statutes, ordinances, regulations, policies, practices, customs and usages of the CITY.

42.     As a direct and proximate result of the aforesaid acts, Defendants TRAVNITZ, Plaintiff suffered damage in a sum to be determined at trial including but not limited to being booked, paying bail, and retaining counsel in the Underlying Criminal Case.

43. Plaintiff is entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. §1988.

## JURY DEMAND

Plaintiff hereby demands that a jury be empanelled for the trial of this matter.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows;

1. General and compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Exemplary and punitive damages against each Defendant, except the CITY and BHPD in an amount according to proof;

4. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988, and any other applicable provision of law;

5. Such other relief as may be warranted or as is just and proper.

DATED: August 17, 2020                     Respectfully Submitted,


                                           /s/ *George G. Mgdesyan*
                                           George G. Mgdesyan, Esq.
                                           Attorney for Plaintiff

///
///
///
///
///
///
///

13

## JURY DEMAND

Trial by jury of all issues is demanded.

DATED: August 17, 2020                    Respectfully Submitted,


                                          /s/ George G. Mgdesyan
                                          George G. Mgdesyan, Esq.
                                          Attorney for Plaintiff

14